<div style="text-align:center">

**IN THE UNITED STATES DISTRICT COURT FOR**
**THE DISTRICT OF NEW JERSEY**

</div>

| | |
|---|---|
| MARSHELLE HIGHTOWER | : <br> : <br> : **CIVIL ACTION NO. 17-8025** <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> INGERMAN MANAGEMENT : <br> COMPANY, *et al.* : <br> : <br> Defendants. : |

<div style="text-align:center">

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION TO QUASH A SUBPOENA TO KIM JOHNSON AND**
**MOTION FOR SANCTIONS**

</div>

## I.  INTRODUCTION

Plaintiff, Marshelle Hightower, through her undersigned counsel, submits her present Motion requesting that this Court quash Defendants' invalid trial subpoena to Kim Johnson, who Defendants served knowing that she lives in another state outside of the subpoena power of this Court.  Plaintiff also seeks sanctions against Defendants for reimbursement of her fees incurred in connection with her attempts to resolve this issue without Court intervention and in filing her present Motion.

## II.  BRIEF FACTUAL BACKGROUND

Kim Johnson is a former employee of Defendant Ingerman Management Company. She is not part of the litigation control group and she is not represented by

<div style="text-align:center">3</div>

Gary Lightman. She lives in Indian Head, MD – 166 miles from the courthouse where the present trial will take place. She was deposed in this case on August 30, 2019. Ms. Johnson is listed as Defendants' 18th witness on the witness list Defendants submitted as Exhibit-1 to the Joint Final Pretrial Order (entered by the Court on January 13, 2021), specifically stating that it would seek Ms. Johnson's testimony "through reading excerpts from her 8/30/19 deposition". *See p. 6 of Exhibit-1 to the JFPTO, 1/13/2021, Docket No. 240.*

> 18. Kim Johnson (through reading excerpts from her 8/30/19 deposition)
> 4185 Marbury Freeland Place
> Indian Head, MD 20640
>
> Ms. Johnson will testify regarding her sworn Certification dated August 15, 2019, and about the IMC Bonus Document that Ms. Hightower (wrongfully) emailed to her, and the text messages and other communications whereby Ms. Hightower tried to get Ms. Johnson to bring her own claim of discrimination against IMC, and to repeated perjuries made by Ms. Hightower in her deposition, and that she does not believe that she was discriminated against, and that she agreed when Marty Josephs made her a Property Manager (from a Regional Manager) in the spring of 2017, and to Ms. Hightower instructing her to delete texts and other messages in her cell phone before returning it to IMC when she left the Company.

Nevertheless, on Friday, May 20, 2022, cousel for Defendants, Gary Lightman, advised Ms. Johnson, and Plaintiff, that he was serving a federal court trial subpoena on Ms. Johnson compelling her testimony at trial. Plaintiff's counsel tried to give Mr. Lightman an opportunity to follow the rules, withdraw the subpoena and not involve the Court. Not only did he refuse, but he has repeatedly threatened Planitff's counsel, harassed Ms. Johsnon and baselessly asserted that plainitff's counsel is prohibited from contacting Ms. Johnson. The following email exchanges occurred over the weekend.

**Gary Lightman** <garylightman@lightmanlaw.com>
To: Laura Mattiacci; Caren Gurmankin
Cc: Fernando I. Rivera
572 KB

Fri 5/20/2022 11:34 PM

FYI

Begin forwarded message:

**From:** Gary Lightman <garylightman@lightmanlaw.com>
**Subject: Marshelle Hightower v. Ingerman Management COmpany**
**Date:** May 20, 2022 at 7:34:54 PM EDT
**To:** Kim Johnson <zarinandgran@gmail.com>
**Cc:** "Kim_marie55@hotmail.com" <Kim_marie55@hotmail.com>, Lyle Stamps <wlstamps@lightmanlaw.com>, Kim DiTomaso <kditomaso@lightmanlaw.com>, Glenn Manochi <gmanochi@lightmanlaw.com>, GARY LIGHTMAN <ltag8r@me.com>

Ms. Johnson,

Thank you for taking the time from your vacation today to speak with me.

In addition, thank you for agreeing to accept service of your Trial Subpoena via email. Your Trial Subpoena is attached to this email. We will mail you the original Subpoena and the required witness fee.

I am sorry to drag you back into the dispute between Marchelle Hightower and Ingerman Management Company, but the trial is scheduled to start in federal district court in Camden, New Jersey on May 31, 2022.

Although the Trial Subpoena states that you are required to be in Court when the trial starts, we anticipate that we will not need your testimony until around Monday, June 6, 2022. We will let you know as soon as we can, exactly when you should show up in Court to testify.

Please contact us, should you have any questions or problems.

thx
Gary Lightman

---

**Laura Mattiacci**
To: Gary Lightman <garylightman@lightmanlaw.com>; Caren Gurmankin
Cc: Fernando I. Rivera; Alexis Rodriguez; Toni Murphy; Glenn Manochi <gmanochi@lightmanlaw.com>  +1 other

Sat 5/21/2022 8:20 AM

Wow. Gary, I want to say I'm shocked you sent and invalid subpoena and misrepresented to a potential witness that she is legally obligated to appear at trial, but at this point I'm not. Please be advised that under Federal Rule of Civil Procedure 45(c)(1)(A) the witness must be within 100 miles of the courthouse to be commanded to attend trial. According to your subpoena, Ms. Johnson lives in Indian Head, MD, which is 166 miles from the courthouse. Please contact Ms. Johnson immediately and apologize for sending her an invalid subpoena and calling her while she is on vacation (apparently - according to your email to her) and making her believe she must attend. Please forward me confirmation that she has received this notification, or I will file a motion to quash this afternoon.
Thanks,
Laura

5

**Gary Lightman** <garylightman@lightmanlaw.com>
To: Laura Mattiacci; Caren Gurmankin
Cc: Fernando I. Rivera; Wl. Stamps <wlstamps@lightmanlaw.com>; G. Manochi <gmanochi@lightmanlaw.com>  +1 other
Sat 5/21/2022 8:44 AM

fyi

PS, please do NOT contact Kim Johnson, and please also instruct Ms. Hightower NOT to contact Kim Johnson. thx

---

**Gary Lightman** <garylightman@lightmanlaw.com>
To: Laura Mattiacci
Cc: Caren Gurmankin; Fernando I. Rivera; Alexis Rodriguez; Toni Murphy; G. Manochi <gmanochi@lightmanlaw.com>  +1 other
Sat 5/21/2022 8:45 AM

I asled Ms. Johnson if she would be willing to testify at trial, and she said she would.

---

**Laura Mattiacci**
To: Gary Lightman <garylightman@lightmanlaw.com>; Caren Gurmankin
Cc: Fernando I. Rivera; Wl. Stamps <wlstamps@lightmanlaw.com>; G. Manochi <gmanochi@lightmanlaw.com>  +1 other
Sat 5/21/2022 9:16 AM

Gary,
You cannot bar Ms. Hightower or me from contacting Ms. Johnson. She is a former employee that is not in the litigation control group. I am giving you one last opportunity here to email her and advise her that the subpoena is invalid, and that she has no legal obligation to testify at trial. If you don't, I will file a Motion to Quash with the court today.
Thanks,
Laura

---

**Gary Lightman** <garylightman@lightmanlaw.com>
To: Laura Mattiacci
Cc: Caren Gurmankin; Fernando I. Rivera; K. DiTomaso <kditomaso@lightmanlaw.com>  +3 others
Sat 5/21/2022 4:41 PM

Laura,

If you contact Kim Johnson, or Marshelle Hightower contacts her, you will interfere with one of defendant's key witnesses at your own peril.

I plan to raise the Kim Johnson Subpoena issue with the Court on Monday.

We have a substantial need for her testimony, for a number of reasons (which should be apparent to you).

And pls make sure you know what you are doing, before accusing me of making "misrepresentations to a potential witness".

thx
Gary Lightman



Mr. Lightman's false admonishments about "tampering with a material defense witness" has no basis in law or fact. Moreover, Ms. Johnson copied me on an email she sent yesterday, which revealed that at 8:51am on Saturday morning, 31 minutes <u>after</u> I sent him the email advising that he served an invalid subpoena on Ms. Johnson, he now tells her "by the way" under the Rules the subpoena cannot command you to appear at trial. Then eight hours later he tells her he has "finished [his] legal research" and that "technically" the subpoena can't command her to testify. Meanwhile he had a process server physically serve her at her house already and enclosed a check. He then falsely informs her that he can still obligate her to testify because he has a "substantial need;" he proceeds to explain how he will pay for her travel arrangements and will be seeking court intervention. Mr. Lightman did not send these

emails to me. Below is the full chain that Ms. Johnson copied me on.



**Kim Johnson** &lt;zarinandgran@gmail.com&gt;
To: Gary Lightman &lt;garylightman@lightmanlaw.com&gt;; Laura Mattiacci
Sun 5/22/2022 1:47 PM

Mr. Lightman,

I have been advised that I am not obligated to testify. I will NOT be testifying in this case and respectfully ask that you respect my decision.

I have copied Ms. Hightower's attorney, Ms. Mattiacci in this email so there will be no misunderstanding regarding me testifying in this case.

Thank you

Kim Johnson

> On Sat, May 21, 2022 at 4:36 PM Gary Lightman &lt;garylightman@lightmanlaw.com&gt; wrote:
>
> Ms. Johnson,
>
> I have finished my legal research on the Subpoena issue, and I also spoke to IMC.
>
> As I understand the law, because you are more than 100 miles from the Court House, technically the Subpoena cannot command you to honor it and testify, unless the Judge Orders it, based on our showing of a substantial need for your testimony. We substantially need your testimony, for a number of reasons.
>
> IMC has offered to reimburse you for your driving expenses, and also to pay for you to stay overnight at a hotel or motel in Camden, the night before your testimony, to make it as easy as possible on you.
>
> If you are needed to testify in person at the trial at the federal court house in Camden, NJ, please confirm that those arrangements are satisfactory to you.
>
> We will raise your issues with the Judge on Monday, and let you know what the Court decides, but we want to be able to tell the Court that you are amenable to testifying in person at trial, if the Judge is not inclined to permit you to testify via Zoom. So please get back to us by tomorrow,
>
> Of course, please call me, should you have any questions or problems.
>
>
> thx
> Gary Lightman
> cell 215-760-3000
>
> PS, by the way, our process server told me that at 8 am this morning, he personally served you with the Subpoena and required witness fee. Please confirm that, thx gpl
>
>> On May 21, 2022, at 8:51 AM, GARY LIGHTMAN &lt;ltag8r@me.com&gt; wrote:
>>
>> Ms. Johnson,
>>
>> By the way, under the Rules of Court, since you reside more than 100 miles from the Court, the Subpoena cannot command you to appear at trial. But we request and very much would appreciate your trial testimony.
>>
>> Please confirm that if we can get the Judge to agree to take your testimony via Zoom, you would be willing to testify.
>>
>> thx
>> Gary Lightman
>> cell 215-760-3000

8



Ms. Johnson has clearly stated, in writing, that she does not want to testify at trial. Nevertheless, Mr. Lightman continues to harass Ms. Johnson, even this morning. He is now threatening that he will take her trial deposition in the federal courthouse in Alexandria, Virginia, for which he has no basis.

Mr. Lightman also continues to send threatening emails to me, as he did so just a couple of

9

hours ago.



Mr. Lightman's refusal to abide by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Rules of Professional Conduct is what is outrageous in this case. Plaintiff's counsel has had to expend time and fees this weekend dealing with an issue that would have never happened had defense counsel conducted himself ethically, honestly and within the Rules.

## III. ARGUMENT

### A. Motion to Quash

Pursuant to Fed.R.Civ.P. 45(c)(1)(A), a subpoena "may command a person to attend a trial, hearing, or deposition only as follows: (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person". Pursuant to Fed.R.Civ.P. 45(d)(3)(A)(ii), "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that "requires a person to comply beyond the geographical limits specified in Rule 45(c)".

Here, Defendants' subpoena to Ms. Johnson requires her to attend trial well over 100 miles from her home in Indian Head, Maryland. As such, this Court must quash Defendants' subpoena. Defendants' latest claim of having a "substantial need" is perplexing. Rule 45 talks of "substantial need" only in cases of trade secrets, the disclosure of other confident information or the disclosure of an unretained expert's opinion – none of these apply here. See Fed. R. Civ. P. 45 (d)(3)(B) and (C).

### B. Motion for Sanctions

"The Court has the inherent power to sanction a litigant for bad faith conduct." *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 702–03 (D.N.J. 2015) (citing *Chambers v. Nasco, Inc.*, 501 U.S. 32, 35 (1991)). *See also* Fed. R. of Civ. Pro. 37.

Moreover, pursuant to Section 1927 of Title 28 ("Judiciary and Judicial Procedure"),

11

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

To impose sanctions under this statute, the Court must find that "an attorney (1) multiplied proceedings, (2) in an unreasonable and vexatious manner, (3) increasing the cost of the proceedings, and (4) that it did so in bad faith or by intentional misconduct. "Bad faith or intentional misconduct must be shown by clear and convincing evidence." *Younes*, 312 F.R.D. at 702–703 (*citing Pop Test Cortisol, LLC v. University of Chicago*, 2015 U.S. Dist. LEXIS 113537, at *9 (D.N.J. Aug. 27, 2015).

Defendants' counsel's conduct in serving an invalid trial subpoena, pursuing it even after given every opportunity to withdraw, threatening plaintiff's counsel and harassing Ms. Johnson, has multiplied the proceedings, was done in an unreasonable and vexatious manner, has increased the cost of the proceedings and was done so intentionally.

## IV. <u>CONCLUSION</u>

Accordingly, and as set forth above, Plaintiff respectfully requests that this Court grant Plaintiff's Motion to Quash Defendants' trial subpoena to Kim Johnson and grant Plaintiff's Motion for Sanctions.

                                          Respectfully submitted,

                                          **CONSOLE MATTIACCI LAW**

By:   */s/ Laura C. Mattiacci*
       Laura C. Mattiacci, Esquire
       Caren N. Gurmankin, Esquire
       Fernando Rivera, Esquire
       110 Marter Avenue, Suite 502
       Moorestown, NJ 08057

Dated:     May 23, 2022               *Attorneys for Plaintiff*