THE UNITED STATES DISTRICT COURT FOR
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **MARSHELLE HIGHTOWER,** | : |
| | : CIVIL ACTION NO. 17-08025 |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **INGERMAN MANAGEMENT** | : |
| **COMPANY and BRAD INGERMAN** | : |
| | : |
| **Defendants.** | : |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
ON SHORT NOTICE OF DEFENDANTS INGERMAN MANAGEMENT
COMPANY AND BRAD INGERMAN TO COMPEL
KIM JOHNSON TRIAL TESTIMONY AND FOR SANCTIONS
AGAINST PLAINTIFF AND PLAINTIFF'S COUNSEL**

Pursuant to Rule 43 of the Federal Rules of Civil Procedure, defendants Ingerman Management Company ("IMC" or the "Company") and Brad Ingerman (collectively "Ingerman") submit this memorandum of law in support of their Motion to compel the trial testimony of Kim Johnson ,and to sanction plaintiff and plaintiff's counsel.  For the reasons set forth in this Motion, the Court should enter the proposed form of Order accompanying this Motion and compel the trial testimony of Kim Johnson, and sanction plaintiff and her counsel, for wrongfully interfering with Ms. Johnson agreement to testify at this trial.

**I.      GENERAL FACTUAL BACKGROUND**

The factual background of the instant dispute is set forth in the accompanying Certification of Counsel, which is incorporated herein by reference as if fully set forth at length.[1]  In general, defense counsel and Kim Johnson reached an agreement for Ms. Johnson to testify at trial; then

---

[1] By contrast, plaintiff has submitted no Certification or other factual support in the plaintiff's Motion to Quash Kim Johnson Subpoena that plaintiff filed.

plaintiff and/or plaintiff's counsel contacted Kim Johnson and convinced her not to testify; and now Ms. Johnson does not want to testify at trial.

Ms. Johnson is identified as a witness by both plaintiff and defendants on each side's respective witness lists (No. 9 & 18, respectively). It is ironic, and very telling, that plaintiff interfered with defense counsel's agreement with Ms. Johnson for her to testify, and that plaintiff also has filed a Motion to Quash the Kim Johnson Subpoena, especially because ***plaintiff also has identified Kim Johnson as one of plaintiff's witnesses in this case***

Defendants respectfully submit that Ms. Johnson is a necessary and material and key witness in this case, and that defendants have a substantial need for her testimony.

Kim Johnson is a necessary and material witness in this case.

Plaintiff has claimed that defendant IMC engaged in disparate treatment towards Kim Johnson (a black Regional Manager) while not affording similar treatment to her "male counterpart." *See*, plaintiff's Second Amended Complaint, at paras. 18(f) through 18(h).

Defendants believe that Kim Johnson, who is plaintiff's friend, will testify to the opposite of what Ms. Hightower alleged in her Complaint and under oath during her deposition, namely, that: (a) Ms. Johnson was expecting to get fired when Marty Josephs traveled down to Maryland to meet with her; and (b) her job performance was suffering at the time, as a result of her finding out that her husband was cheating on her; and (c) her reassignment—from a Regional Manager back to a Property Manager—was warranted; and (d) that Marty Joseph's actions did not constitute race discrimination or gender discrimination; and (e) that she did not make any complaints that she was subjected to race discrimination or gender discrimination, during the entire time she worked for IMC.

Ms. Johnson also was the person that plaintiff encouraged to bring her own discrimination lawsuit against IMC, and to whom Ms. Hightower sent confidential Company-wide bonus and salary information, after Ms. Hightower surreptitiously took that information from IMC right after being terminated (but while still getting paid by the Company).

Defendants believe that Kim Johnson will provide further testimony that directly contradicts what Ms. Hightower swore under oath during plaintiff's deposition, namely, that: (a) she (Kim Johnson) never received the confidential bonus information that plaintiff sent to her during all of the time she worked for IMC; and (b) she knew that she was not supposed to get the information that Ms. Hightower sent to her; and (c) Ms. Hightower lied in her deposition when plaintiff claimed under oath that she only sent Kim Johnson information to which Kim Johnson was entitled to get.

Kim Johnson also was the person involved in the numerous text mail exchanges between her and plaintiff, shortly after plaintiff's termination, and defendants believe that Kim will testify that she was not the person who selectively deleted the text messages from the documents produced by plaintiff in this case.

Accordingly, defendants respectfully submit that the Court should enter an Order, requiring Ms. Johnson to give testimony in this trial via video-conference in a designated Court Room in the Federal Court House in Alexandria, Virginia, which is the federal court closest to where Ms. Johnson resides, and well within 100 miles from her residence, pursuant to Rule 43(a) of the Federal Rules of Civil Procedure.

## II.     LEGAL ARGUMENT

### A.     Rule 43(a) Provides for Either Zoom Testimony from Indian Head or from the EDVA Courthouse in Alexandria

Rule 43(a) of the Federal Rules of Civil Procedure provides that "For good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." Pursuant to Rule 43(a), since the start of the covid pandemic, Courts have routinely held bench and jury trials using video conferencing or "zoom" technology. *See* Toland v. Phoenix Ins. Co., 855 F. App'x 486, 491 n.9 (11th Cir. 2021) (holding that it was not an abuse of discretion to hold hearings through videoconferencing in the midst of an ongoing global pandemic "that required courts to adjust hearing formats when possible to ensure the safety of court personnel and parties"). *See also* House v. Players' Dugout, Inc., No. 16-594, 2021 U.S. Dist. LEXIS 202789, 2021 WL 4898071, at *14 (W.D. Ky. Oct. 20, 2021) (allowing three witnesses to testify remotely at trial by video, considering "the distance of these witnesses, the short nature of their expected testimony (less than an hour) with minimal exhibits, the continuing nature of the COVID-19 pandemic, and the burden appearing at trial would place on them"); Bao Xuyen Le v. Reverend Martin Luther King, Jr. Cty., 524 F. Supp. 3d 1113, 2021 WL 859493, at *2 (W.D. Wash. 2021) (holding that the court had the authority to convene an entire jury trial by remote means and that the pandemic constituted good cause justifying remote proceedings); Kieffaber v. Ethicon, Inc., No. 20-1177, 2021 U.S. Dist. LEXIS 22956, 2021 WL 425822, at *5 (D. Kan. Feb. 8, 2021) (finding that the pandemic constituted good cause and compelling circumstances to justify use of videoconferencing technology for a jury trial and that a remote trial was preferable to a further delayed trial); Argonaut Ins. Co. v. Manetta Enters., No. 19-482, 2020 U.S. Dist. LEXIS 103625, 2020 WL 3104033, at *1 (E.D.N.Y. June 11, 2020) (finding the current pandemic as constituting good cause and a

compelling circumstance justifying a remote three-day bench trial regarding the narrow issue of damages); Julian Liu v. State Farm Mut. Auto. Ins. Co., 507 F. Supp. 3d 1262 (W.D. Wash. 2020) (finding that the pandemic constituted good cause and compelling circumstances to justify use of videoconferencing technology for a jury trial).

While plaintiff will likely point out that Ms. Johnson's deposition transcript is available for consideration by the Jury, defendants respectfully submit that live testimony from Ms. Johnson would be preferable (for the same reasons that plaintiffs wanted Marty Josephs to testify live—Kim Johnson, like Marty Josephs, is a key witness in this case). As aptly summarized by the Vioxx Court:

> "the Court notes live, in-person testimony is optimal for trial testimony, Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 511, 67 S. Ct. 839, 91 L. Ed. 1055 (1947), because "[t]he very ceremony of trial and the presence of the fact-finder may exert a powerful force for truthtelling. The opportunity to judge the demeanor a witness face-to-face is accorded great value in our tradition." Rule 43(a) advisory committee's notes. On the other hand, the deposition is "a substitute, a second-best, not to be used when the original is at hand." Napier v. Bossard, 102 F.2d 467, 469 (2d Cir. 1939) (Learned Hand, J.). By allowing for contemporaneous transmission, the Court allows the jury to see the live witness along with "'his hesitation, his doubts, his variations of language, his confidence or precipitancy, his calmness or consideration,'" Arnstein v. Porter, 154 F.2d 464, 470 (2d Cir. 1946) (quoting Sir John Coleridge), and, thus, satisfies the goals of live, in-person testimony and avoids the short-comings of deposition testimony. For all these reasons, as an alternative to his testifying in person at trial and provided service is properly effectuated, the Court finds that there is "good cause" and "compelling circumstances" for contemporaneous transmission through videoconferencing."

In re Vioxx Prods. Liab. Litig., 439 F. Supp. 2d 640, 644 (E.D. La. 2006)

Given that entire trials, not just a single witnesses testimony, have been conducted entirely through remote testimony, defendants respectfully request that the Court issue an Order, requiring Kim Johnson to comply with the Trial Subpoena and testify at this trial, either via Zoom (her preference) or in person (our preference). If the Court is not inclined to Order Ms. Johnson to testify in person at the trial, and if she is not willing to do so voluntarily, then we respectfully

request that the Court enter an Order compelling her to appear in the Federal Court House in Alexandria, Virginia (which is the Federal Court House closest to where Ms. Johnson resides), and testify via Zoom from a Court Room in that Federal Court House, pursuant to Rule 43(a) of the Federal Rules of Civil Procedure. Plaintiff should have no objection to this request, especially since plaintiff also listed Ms. Johnson as one of plaintiff's witnesses.

> B. **Plaintiff Should be Sanctioned for Attempting to Prevent Ms. Johnson from Testifying**

As aptly summarized by the Court in Younes v. 7-Eleven, Inc., 312 F.R.D. 692, 702 (D.N.J. 2015), the Court may issue sanctions under either its inherent powers or through Section 1927 of Title 28. Specifically:

> "Section 1927 of Title 28 provides:
>
> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.
>
> In order to impose sanctions pursuant to § 1927 there must be a finding that an attorney (1) multiplied proceedings, (2) in an unreasonable and vexatious manner, (3) increasing the cost of the proceedings, and (4) that it did so in bad faith or by intentional misconduct. In re Schaefer Salt Recovery, Inc., 542 F.3d 90, 101 (3d Cir. 2008). "[S]anctions may not be imposed under § 1927 absent a finding that counsel's conduct resulted from bad faith, rather than misunderstanding, bad judgment or well-intentioned zeal." Grider v. Keystone Health Plan Cent., Inc., 580 F.3d 119, 142 (3d Cir. 2009)(quotation and citation omitted). Bad faith or intentional misconduct must be shown by clear and convincing evidence. Pop Test Cortisol, LLC v. University of Chicago, C.A. No. 14-7174 (WJM), 2015 U.S. Dist. LEXIS 113537, 2015 WL 5089519, at *9 (D.N.J. 2015). Similarly, the Court has the inherent [**26] power to sanction a litigant for bad faith conduct. Chambers v. Nasco, Inc., 501 U.S. 32, 35, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)."

Younges, at 702-703.

Defense counsel will not belabor their request for sanctions. The record is clear that Ms. Johnson agreed to accept service of the trial subpoena, and to voluntarily testify at trial. Defense counsel insured that Ms. Johnson also timely received a witness fee for her voluntary testimony. It was not until after plaintiff's counsel, despite warning, contacted Ms. Johnson, that Ms. Johnson now suddenly refuses to cooperate or testify at trial. The actions of plaintiff's counsel, in seeking to prevent Ms. Johnson from testifying, at a minimum should be sanctioned by the Court. Defense counsel respectfully submits that given the severity of the improper conduct by plaintiff's counsel, that the Court also should consider either a "missing witness" inference.[2]

Defendants leave to the Court's discretion whether the Court also should refer this matter for further investigation regarding potential violations of 42 U.S.C. § 1985 ("If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict, presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his

---

[2] A " 'missing witness' inference may arise where a party fails to call an available witness whose testimony could be expected to favor that party, because the natural inference is that the witness would have exposed facts unfavorable to that party." Biolitec AG v. Cyganowski (In re Biolitec, Inc.), No. 13-5864 (FSH), 2013 U.S. Dist. LEXIS 178260, at *12-13 n.7 (D.N.J. Dec. 16, 2013)

property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws.").

### III. CONCLUSION

For the reasons set forth in this Motion, defendants Ingerman Management Company and Brad Ingerman respectfully request that the Court issue its Order:

1. Compelling the trial testimony of Kim Johnson (plaintiff's witness no. 9 & defense witness no. 18), either by Zoom or by appearing to testify in person at the United States District Court for the Eastern District of Virginia – Alexandria; and

2. Sanctioning plaintiff for wrongfully interfering with the testimony of Ms. Johnson, which sanction shall be determined by Defendants filing a fee application for their reasonable costs and attorneys' fees pertaining to this Motion; and

3. Granting defendants such other and further relief as the Court shall deem just.

Respectfully submitted,

LIGHTMAN & MANOCHI

BY: /s/ Gary P. Lightman
GARY P. LIGHTMAN, ESQUIRE
W. LYLE STAMPS, ESQUIRE
Identification Nos. 28529 & 94909
600 W. Germantown Pike, Suite 400
Plymouth Meeting, PA  19462
Philadelphia, PA 19102
Telephone: 215-760-3000
garylightman@lightmanlaw.com
Ltag8r@me.com
wlstamps@lightmanlaw.com

Date:  May 24, 2022                           Attorneys for defendants