UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 2040<br>CAMDEN, NJ 08101<br>856-757-5167 |

May 26, 2022

VIA CM/ECF
Laura C. Mattiacci
CONSOLE MATIACCI LAW, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Gary P. Lightman
LIGHTMAN & MANOCHI
4 Echelon Plaza
201 Laurel Road, 8th Floor
Voorhees, NJ 08043

## LETTER ORDER

Re:   **Hightower v. Ingerman Management Company, et al.
Civil Action No. 17-08025**

Dear Counsel:

This matter comes before the Court on Plaintiff's Motion to Quash the Subpoena Issued to Kim Johnson and for Sanctions, (ECF No. 317), and Defendants' Motion to Compel Kim Johnson to Testify at Trial and for Sanctions, (ECF No. 318). Plaintiff filed opposition to Defendants' Motion. (ECF No. 320). The Court considers the brief filed by Defendants in support of their Motion to Compel to serve as their opposition to Plaintiff's Motion to Quash because it involves the same factual and legal issues. Further, the Court requires no additional briefing and decides the Motions without argument pursuant to Local Rule 78.1.

Unfortunately, these motions are the latest of many needless and unnecessary filings, a pattern which has been noted by multiple judges previously assigned to this case. Having reviewed the relevant submissions, the Court **GRANTS** Plaintiff's Motion to Quash, **GRANTS IN PART** Plaintiff's Request for Sanctions, and **DENIES** Defendants' Motion to Compel.

   **I.**   **Plaintiff's Motion to Quash**

Plaintiff's Motion seeks to quash a May 20, 2022 trial subpoena *ad testificandum* (purportedly) issued pursuant to Federal Rule of Civil Procedure 45 by Defendants to Kim Johnson, a former employee of Defendant Ingerman Management Company ("the Company"). Plaintiff moves to quash the subpoena on grounds that it is defective and impermissible under

Federal Rule of Civil Procedure 45(c)(1)(A) because Ms. Johnson lives in excess of 100 miles from the Mitchell H. Cohen Courthouse, where this matter's trial is set to begin on May 31, 2022.

On May 21, 2022, there were a series of emails between Plaintiff's counsel and Defendants' counsel, which are detailed in Plaintiff's Brief. (ECF No. 317-1). Plaintiff's counsel advised Defendants' counsel of the applicable Federal Rule of Civil Procedure and that the subpoena served was improper and requested it be withdrawn. Defendants' counsel refused to do so. In response, Defendants' counsel told Plaintiff's counsel and her client "please do NOT contact" Ms. Johnson. Plaintiff's counsel responded that she was entitled to contact Ms. Johnson as she was not part of the litigation control group and that Defendants could not bar Plaintiff or her counsel from contacting her. Plaintiff's counsel further advised if the subpoena was not withdrawn and Ms. Johnson advised that it was invalid that Plaintiff would file the instant Motion. (ECF No. 317). Defendants' counsel responded stating that if Plaintiff or her counsel contacted Ms. Johnson they would "interfere with one of defendant's key witnesses at [their] own peril" and further stated, "and pls make sure you know what you are doing . . . ." Defendants' counsel refused to withdraw the subpoena.

That same day, several hours *after* Plaintiff's counsel advised him of the defective subpoena and provisions of Federal Rule of Civil Procedure 45, Defendants' counsel emailed Ms. Johnson stating—

> **I have finished my legal research on the subpoena issue**, and I also spoke to [the Company] . . . . As I understand the law, because you are more than 100 miles from the Courthouse, **technically** the subpoena cannot command you to honor it and testify, unless the Judge Orders it, based on a substantial need for your testimony.

(ECF No. 317-1 (emphasis added)).

Throughout all of these communications with Ms. Johnson via email, and as noted in the Certification of Plaintiff's counsel attached to her Brief in Opposition to Defendants' Motion to Compel and in Ms. Johnson's prior deposition testimony (ECF Nos. 320-3, 320-4), Ms. Johnson does not want to appear voluntarily to testify in this matter for any party.

### II. Defendants' Motion to Compel

On May 23, 2022, Defendants' counsel submitted a Letter to the Court, (ECF No. 314), advising that Ms. Johnson was a "material witness" and that Defendants have a "substantial need for her testimony." Defendants' counsel stated that Ms. Johnson agreed to accept service of a Trial Subpoena and that service was effected on May 21, 2022. Defendants' counsel's Letter simply stated that "[w]e informed Ms. Johnson that because she lived . . . 166 miles from the Camden Court House, we could not compel her to appear for trial testimony pursuant to the Trial Subpoena, absent an Order from the Court." Defendants' counsel requested the Court issue an order requiring Ms. Johnson to "comply with the Trial Subpoena and testify at this trial, either by Zoom (her preference) or in person (our preference)." Alternatively, Defendants' counsel requested an order

2

"compelling her" to appear at the federal courthouse in Alexandria, Virginia, and testify via Zoom pursuant to Federal Rule of Civil Procedure 43(a). Defendants' counsel then stated "Plaintiff should have no objection to this request . . . ." Noticeably absent from the Letter is any reference to Plaintiff's counsel's timely objection to the subpoena two days prior, or that, in fact, Plaintiff's counsel demanded it be withdrawn.

In response to Defendants' counsel's Letter, the Court entered an Order advising it would not consider any request for relief without an appropriate motion having been filed. (ECF No. 316).

On May 23, 2022, Defendants filed a Motion to Compel and further sought sanctions against Plaintiff and/or her counsel for having had to file the Motion and for "wrongfully interfering with Ms. Johnson [sic] agreement to testify at this trial." Defendants' Motion states it is being filed pursuant to Federal Rule of Civil Procedure 43(a) and relies upon cases that permitted testimony via Zoom due to the COVID-19 pandemic. Defendants also seek sanctions under 28 U.S.C. § 1927, citing Plaintiff's counsel's actions "seeking to prevent Ms. Johnson from testifying" and the "severity of the improper conduct by plaintiff's counsel" and further seek a "missing witness inference." Finally, Defendants state, without further explanation, that they leave "to the Court's discretion whether the Court should also refer this matter for further investigation regarding potential violations of 42 U.S.C. 1985."

### III. Discussion

#### A. Motion to Compel and Motion to Quash

The legal issues presented in the Motions are straightforward and require little discussion. Federal Rule of Civil Procedure 45(c)(1)(A) expressly states that a subpoena may command a person to attend a trial, hearing, or deposition only "within 100 miles of where the person resides, is employed, or regularly transacts business in person." Rule 45 further provides that "[o]n timely motion, the court for the district where compliance is required **must** quash or modify a subpoena that requires a person to comply beyond the geographical limits specified in Rule 45(c)." FED. R. CIV. P. 45(d)(3)(A)(ii) (emphasis added). There is no dispute that Ms. Johnson lives more than 100 miles from this Courthouse. Nevertheless, without citation to any authority, Defendants seek an order compelling Ms. Johnson to appear for trial because she is a "material witness" and they have a "substantial need" for her testimony. "The plain language of rule 45(c) indicates that the court cannot compel a witness to testify . . . when the individual must travel more than 100 miles from a place of residence, employment or regular business." *Expansion Cap. Grp., LLC v. Patterson*, No. 19-00214, 2020 WL 42786, at *2 (D. Del. Jan. 3, 2020); *see also Chand v. Hernandez*, No. 07-00898, 2010 WL 11693572, at *2 (W.D. Pa. July 20, 2010). The subpoena was therefore improper on its face and should have never been issued.[1] As a result, it will be quashed.

---

[1] Having reviewed the submissions, the Court is concerned that Defendants' counsel made misrepresentations to Ms. Johnson, either expressly or implicitly, that the subpoena was valid and proper and that she was required by law to travel to Camden, New Jersey, for trial. Whether any

Defendants' reliance on Federal Rule of Civil Procedure 43(a) in seeking an order to compel Ms. Johnson's testimony is misplaced. That Rule provides that "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." As for when it applies,

> The most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons, such as accident or illness, but remains able to testify from a different place. Contemporaneous transmission may be better than an attempt to reschedule the trial, particularly if there is a risk that other—and perhaps more important— witnesses might not be available at a later time. Other possible justifications for remote transmission **must be approached cautiously**.

*Valerino v. Holder*, No. 08-00035, 2014 WL 4198501, at *1 (D.V.I. Aug. 25, 2014) (emphasis added).

First, the Court previously advised the parties it would not permit remote testimony by another witness, Plaintiff's former supervisor, due to his vacation plans, because that did not constitute good cause or compelling circumstances. (Hr'g Tr., ECF No. 313 at 115:4–123:4). Further, none of the cases cited by Defendants apply here. At no time has Ms. Johnson indicated she did not want to travel to New Jersey or appear in person to testify due to concerns surrounding the pandemic. Rather, as far back as 2019 when she was deposed, Ms. Johnson indicated she did not want to be involved in this matter at all. Moreover, according to Defendants, she initially agreed to travel to New Jersey to testify (although she may have been under the false impression she was required to do so by law, *see supra* note 1). It is clear to the Court that she has simply changed her mind, as is her right to do. The Court will not allow Defendants to circumvent Rule 45 by now invoking Rule 43(a) and conditions of the pandemic.[2]

---

such statements to Ms. Johnson were made knowingly in contravention of the Federal Rules, or whether they were made in ignorance thereof, the Court cannot determine. However, Defendants' counsel's reference in an email to Ms. Johnson to "hav[ing] finished [his] research" and stating the subpoena could not "technically" compel her attendance *after* Plaintiff's counsel raised an objection seemingly suggests the answer to that question. Further, Defendants' counsel's certification does not state specifically when he advised Ms. Johnson that she was not legally required to appear in New Jersey. (ECF No. 318-2, ¶ 6). Finally, there is absolutely no authority to support Defendants' counsel's statement to Ms. Johnson that this Court could order her to appear in New Jersey for trial.

[2] Courts are split as to whether parties can, in fact, circumvent Rule 45's geographical limitation by seeking a subpoena compelling a witness to attend trial in a remote location under Rule 43. *See, e.g.*, *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, No. 17-02785, 2021 WL 2822535 (D. Kan. July 7, 2021); *Black Card LLC v. Visa USA Inc.*, No. 15-00027, 2020 WL 9812009 (D. Wyo. Dec. 2, 2020). Defendants do not even address this threshold issue. While it does not appear that the Third Circuit has decided the question yet, this Court finds persuasive the opinions of courts that answer it in the negative, as allowing a party to

All this being said, Defendants have several options under the Federal Rules of Civil Procedure and Federal Rules of Evidence to introduce Ms. Johnson's testimony during the trial should they choose to do so. However, it is not the Court's role to instruct Defendants' counsel as to how.[3]

### B. Sanctions

In her Motion to Quash, (ECF No. 317), Plaintiff also requested that the Court impose sanctions for her litigating costs under 28 U.S.C § 1927 or pursuant to its inherent powers. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. As for the Court's inherent powers, the only difference between § 1927 sanctions and inherent-powers sanctions is that the latter reaches more broadly: they may be imposed against an attorney, a party, or both. *Younes v. 7-Eleven, Inc.*, 312 F.R.D. 692, 703 (D.N.J. 2015).

In order to impose such sanctions, a court must find that "an attorney (1) multiplied proceedings, (2) in an unreasonable and vexatious manner, (3) increasing the cost of the proceedings, and (4) that it did so in bad faith or by intentional misconduct." *Id.* at 702. Bad faith and intentional misconduct are distinct from "misunderstanding, bad judgment or well-intentioned zeal," *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) (quotations omitted), and must be shown by clear and convincing evidence. *Younes*, 312 F.R.D. at 702.

Given this high burden—and despite the vexatiousness of his conduct—the Court declines to impose § 1927 or inherent-powers sanctions against Defendants' counsel.

The Court will not, however, allow Defendants' counsel to yet again file or cause to be filed needless and unsupported applications. Federal Rule of Civil Procedure 11 authorizes courts to sanction—

> the signatory to any pleading, motion or other paper which is not well grounded in fact nor warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing law, or which is interposed for any improper

---

compel the attendance of a witness for remote testimony via Rule 43 would eviscerate the express geographical limitations of Rule 45.

[3] Defendants previously indicated in the Joint Final Pretrial Order ("JFPTO"), (ECF No. 240), that they intended to present Ms. Johnson's testimony by reading her prior deposition transcript into the record.

> purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991). Courts can impose Rule 11 sanctions on their own motion, and a finding of bad faith is not required. *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995). "When acting on its own initiative, however, the district court should first enter an order describing the specific conduct that it believes will warrant sanctions and direct the person it seeks to sanction to show cause why particular sanctions should not be imposed." *Id.* The Court does so here.

The Court first notes that during a recent conference on May 19, 2022, it specifically admonished Defendants' counsel for filing submissions, in that case a letter, which were factually and legally incorrect. (Hr'g Tr., ECF No. 313 at 6:19–24). Apparently, Defendants' counsel did not heed that warning. As a result, given the Court's prior notice to Defendants' counsel, as well as the egregious nature of the conduct related to the instant matter, the Court believes that sanctions are indeed warranted.

As to the present Motions, Defendants' counsel's conduct is, at best, in complete ignorance of the express language of Federal Rule of Civil Procedure 45. In addition, Plaintiff's counsel gave him prompt notice that the subpoena was defective and provided an opportunity to withdraw it. Defendants' counsel refused to do so, which would have been the appropriate thing to do and would have avoided the necessity of Plaintiff's counsel having to file, and the Court having to decide, yet another motion in this case. Instead, Defendants' counsel (1) embarked on a series of email communications with Plaintiff's counsel that were inappropriate in content and tone, as well as containing threats of asserting some action against her and/or her client without any basis in law and/or fact, and (2) filed a motion to compel that lacked any basis in fact or law.

Further, there is absolutely nothing improper with Plaintiff's counsel's actions in this case. Plaintiff's counsel is entitled to object to subpoenas, particularly when they are issued in clear violation of the Rules. Further, Plaintiff's counsel is entitled to communicate with Ms. Johnson about this case, the subpoena, or anything else since she is not a member of the litigation control group.[4] Defendants' counsel provides absolutely no legal basis for his claim otherwise.

For these reasons, the Court will order Defendants' counsel to show cause why he should not be sanctioned under Rule 11 for the costs and fees incurred by Plaintiff related to the issuance of the subpoena to Ms. Johnson—including all communications with Ms. Johnson and Defendants' counsel—the filing of the Motion to Quash, and the opposition to Defendants' Motion to Compel.

---

[4] Plaintiff's counsel explicitly noted that Ms. Johnson is not a member of Defendants' litigation control group during her email exchange with Defendants' counsel, (ECF No. 317-1 at 6), a fact to which Defendants' counsel did not respond and to which he makes no contrary assertion in the context of these motions.

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Motion to Quash and for Sanctions, (ECF No. 317), is **GRANTED IN PART** and Defendants' Motion to Compel and for Sanctions, (ECF No. 318), is **DENIED**. Defendants' subpoena to Kim Johnson is quashed. Defendants' counsel is further **ORDERED** to file a letter of no more than three pages showing good cause why he should not be sanctioned under Rule 11 for the above-described conduct by **June 3, 2022**. Plaintiff's counsel may file any opposition and shall submit a Certification in support of the request for costs and fees incurred by **June 10, 2022**. Defendants' counsel is further **ORDERED** to provide Ms. Johnson with a copy of this Letter Order on the date it is issued and to further file a Certification with the Court that he has done so.

**SO ORDERED**.

*/s/ Christine P. O'Hearn*
**CHRISTINE P. O'HEARN**
**UNITED STATES DISTRICT JUDGE**

7