**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**CHRISTINE P. O'HEARN**<br>UNITED STATES DISTRICT JUDGE | MITCHELL H. COHEN BUILDING &<br>U.S. COURTHOUSE<br>4TH & COOPER STREETS<br>ROOM 2040<br>CAMDEN, NJ 08101<br>856-757-5167 |

December 1, 2022

VIA CM/ECF

Laura C. Mattiacci
Caren N. Gurmankin
Stephen G. Console
CONSOLE MATIACCI LAW, LLC
1525 Locust Street, 9th Floor
Philadelphia, PA 19102

Tara L. Humma
BALLARD SPAHR LLP
700 East Gate Drive, Suite 330
Mount Laurel, NJ 08054

Shannon D. Farmer, *pro hac vice*
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103

**LETTER ORDER**

Re:   **Hightower v. Ingerman Management Company, et al.**
      **Civil Action No. 17-08025**

Dear Counsel:

This matter comes before the Court on Plaintiff Marshelle Hightower's ("Plaintiff") Motion for Attorneys' Fees. (ECF No. 381). The Court held argument on October 20, 2022, and has previously issued rulings as to all issues other than Plaintiff's requested contingency fee enhancement. (ECF Nos. 399, 401, 403). For the reasons that follow, the Court **GRANTS** Plaintiff's request for an enhancement and determines the appropriate amount for the enhancement is 40%.

   **I.   Background**

After several years of contentious litigation and a two-week trial, a jury found Defendant Ingerman Management Company ("Defendant") liable for retaliating against Plaintiff in violation of the New Jersey Law Against Discrimination ("LAD"), N.J. STAT. ANN. § 10:5-1 *et seq.*, and 42 U.S.C. § 1981, and awarded her compensatory and punitive damages. (ECF Nos. 354, 357). Because these claims implicate both state and federal fee-shifting statutes, Defendant is also responsible for paying Plaintiff's attorneys' fees and costs. *See* 42 U.S.C. § 1988; N.J. STAT. ANN. § 10:5-27.1. The parties later agreed—after Defendant's substitution of counsel, (Order, ECF No. 361)—to settle the matter as to the substantive claims while continuing to litigate the issue of attorneys' fees. (ECF No. 382). In this context, Plaintiff filed the present Motion, (ECF No. 381), to which Defendant responded in opposition, (ECF No. 386), and Plaintiff replied in further support, (ECF No. 389).

The Court heard oral argument on the Motion on October 20, 2022. (ECF No. 398). On the record at argument and in a series of Orders that followed, the Court granted the Motion in part and denied it in part. (Tr. & Orders, ECF Nos. 399–400, 401, 403). Ultimately, the Court awarded Plaintiff $939,048.00 in attorneys' fees utilizing the lodestar calculation and $71,133.87 in costs. (ECF No. 403).

The only question that remains is whether the Court should enhance that fee award pursuant to relevant New Jersey case law for LAD cases involving contingency fee arrangements.

## II.   Legal Standard

Contingency enhancements generally are not available under federal fee-shifting statutes. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554–57 (2010) (holding that contingency fee enhancements are appropriate under § 1988 in only "rare" and "exceptional" circumstances); *City of Burlington v. Dague*, 505 U.S. 557, 566–67 (1992) (holding that contingency fee enhancements are not available under the fee-shifting provisions of the Solid Waste Disposal Act and Clean Water Act). The Supreme Court of New Jersey, however, has instructed trial courts awarding attorneys' fees under the LAD to "consider whether to increase [the lodestar] fee to reflect the risk of nonpayment in all cases in which the attorney's compensation entirely or substantially is contingent on a successful outcome." *Rendine v. Pantzer*, 661 A.2d 1202, 1228 (N.J. 1995). Thus, where a plaintiff has prevailed on LAD claims in federal court, the district court must consider the possible application of a contingency multiplier to enhance the calculated lodestar amount. *Lanni v. New Jersey*, 259 F.3d 146, 152 (3d Cir. 2001).

In determining whether a lodestar award should be enhanced by a contingency multiplier, *Rendine* instructs the Court to consider: "whether the case was taken on a contingent basis, whether the attorney was able to mitigate the risk of nonpayment in any way, and whether other economic risks were aggravated by the contingency of payment." *Blakey v. Cont'l Airlines, Inc.*, 2 F. Supp. 2d 598, 607 (D.N.J. 1998) (citing *Rendine*, 661 A.2d at 1229).

*Rendine*—which was reaffirmed by the New Jersey Supreme Court in *Walker v. Giuffre*, 35 A.3d 1177, 1184–86 (N.J. 2012)—further advises that "contingency enhancements in fee-shifting cases ordinarily should range between five and fifty-percent of the lodestar fee, with the enhancement in typical contingency cases ranging between twenty and thirty-five percent of the lodestar." 661 A.2d at 1231. This Court has recognized and adhered to this range for typical enhancements. *See Hurley v. Atl. City Police Dept.*, 933 F. Supp. 396, 430 (D.N.J. 1996) (Irenas, J.), *aff'd*, 174 F.3d 95 (3d Cir. 1999); *Leiva v. City of Trenton*, No. 13-05136, 2021 WL 2722718, at *9 (D.N.J. June 30, 2021) (Shipp, J.); *Jefferson v. City of Camden*, No. 01-04218, 2006 WL 1843178, at *20 (D.N.J. June 30, 2006) (Kugler, J.).

## III.   Discussion

Plaintiff seeks an 85% enhancement of the $939,048.00 fee award previously granted by the Court. (ECF No. 381). Plaintiff argues that although this case entailed many of the ordinary

risks associated with contingency fee arrangements—i.e., small economic loss damages, an uninsured defendant, and a privately-held defendant with opaque finances, (Pla.'s Br., ECF No. 381-1 at 17–23)—the vexatiousness of Defendant (and especially its former counsel) made it exceptional, justifying an exceptional enhancement. In opposition, Defendant initially argued that no enhancement is warranted; however, at oral argument, it conceded that if the Court was inclined to award an enhancement, the appropriate range would be "the typical 20 to 35[%]." (Hr'g Tr., ECF No. 400 at 77:11–18). For the reasons that follow, after considering all the relevant factors, the Court finds that Plaintiff is entitled to an enhancement of 40%—a more-than-typical-but-less-than-exceptional figure.

First, the Court considers where this case falls on the contingency fee case spectrum: ordinary, typical, or exceptional. While a cursory review of the Complaint might lead one to conclude that this was a typical case, a detailed review of the docket reveals it was anything but typical. As such, the Court rejects out of hand Defendant's suggestion that no enhancement is warranted at all. The question then becomes whether Plaintiff's request for an 85% enhancement is reasonable, or whether the typical 20–35% range would be more appropriate. The Court finds that neither will do.

As to whether Plaintiff's 85% figure is reasonable, in *Baughman v. U.S. Liability Insurance Company*, 723 F. Supp. 2d 741 (D.N.J. 2010) (Simandle, J.), this Court identified five "elements" required to award such an "exceptional" enhancement (i.e., one greater than 50%):

> To warrant an exceptional enhancement a case will have the following elements: (1) "the risk of nonpayment has not been mitigated at all;" (2) the "legal" risk or risk of failure "constitutes 'an economic disincentive independent of that created by the basis contingency in payment'"; (3) "the result achieved is significant and of broad public interest;" (4) "no prospect existed for the attorney to be compensated by payment of a percentage of a large damages award;" and (5) "the relief sought was primarily equitable in nature."

*Id.* at 753 (quoting *Rendine*, 661 A.2d at 1229, 1231 and *Gallo v. Salesian Soc'y*, 676 A.2d 580, 601 (N.J. App. Div. 1996)). While the *Rendine* Court did not rule out the possibility of a 100% enhancement, courts have noted "this doubling of the lodestar is appropriate in the rare and exceptional case in which risk of nonpayment has not been mitigated and is an economic disincentive independent of that created by the basic contingency payment and the result achieved is significant and of broad public interest." *Arc of N.J., Inc. v. Township of Voorhees*, 986 F. Supp. 261, 272–73 (D.N.J. 1997). As further explained by the New Jersey Supreme Court in *Walker*,

> we fixed the ordinary range for a contingency enhancement as being between five and fifty percent and we also identified the typical range as being between twenty and thirty-five percent of the lodestar. Although we left open the possibility of an enhancement of one hundred percent, we reserved it for the rare and exceptional case, which we further described as one in which no prospect existed for the attorney to be compensated by payment of a percentage of a large damages award,

and in which the relief sought was primarily equitable in nature.

35 A.3d at 1185 (quotations and citations omitted).

Here, the Court finds an exceptional enhancement is not warranted because the Plaintiff cannot satisfy at least two of the above-cited factors. First, Plaintiff cannot show that no prospect existed for compensation by a payment of a percentage of a large damage award because the fee agreement in this case provided for Plaintiff's counsel to be paid 40% of *any* recovery. (Hr'g Tr., ECF No. 400 at 70:19–72:19). Thus, regardless of the amount of any verdict, lodestar award, or enhancement thereof, Plaintiff's counsel would be paid. Such an arrangement cannot support an exceptional enhancement. *Blakey*, 2 F. Supp. 2d at 608 (recognizing mitigation of risk of nonpayment where fee agreement provided for substantial fee independent of court-awarded fee). "Nevertheless, the risk of nonpayment may remain substantial despite these factors because of specific problems in proof, the hazards inherent in all litigation and the vigorous defense of an adversary." *Id.* (rejecting defendant's argument that no enhancement was appropriate). Second, Plaintiff cannot show the relief sought was primarily equitable in nature: Plaintiff sought and was awarded substantial money damages. No equitable relief, such as reinstatement, was awarded or sought. (Pla.'s Br., ECF No. 381-1 at 20 ("[T]his is not a case seeking primarily equitable relief[.]")). Accordingly, an exceptional enhancement in excess of 50% cannot be justified. *See Baughman*, 723 F. Supp. 2d at 753 (finding exceptional enhancement of more than 50% was not warranted and awarding 35%).

Although an exceptional enhancement may not be justified, the Court also finds that a typical enhancement—one between 20 and 35%—is insufficient. First, Defendant *never* demonstrated willingness to consider a reasonable settlement as evidenced by the offer of judgment for $75,000 filed on the eve of trial. (ECF No. 263). Moreover, because Plaintiff did not have substantial economic losses—and, in fact, presented no such evidence at trial as the parties stipulated as to those losses—Plaintiff was left to persuade the jury that her emotional distress warranted a large compensatory award and to rely upon the potential of a punitive damage award. Thus, the risk of non-payment in this case was reasonably high with little opportunity to minimize the risk; Plaintiff's counsel's payment was entirely dependent upon eventual success at trial (and likely the fee-shifting statutes). *Hurley*, 933 F. Supp. at 430.

Second, Plaintiff's counsel undoubtedly had to expend significant efforts to litigate this case. *See* Docket. Courts have awarded 25% enhancements in cases without such substantial efforts from counsel. *E.g.*, *Arku-Nyadia v. Legal Sea Foods, LLC*, No. 18-01089, 2022 WL 958465, at *9–10 (D.N.J. Mar. 29, 2022) (recommending 25% enhancement where the plaintiff prevailed via default judgment without substantial work on the case). An enhancement significantly more than 25% is thus warranted here.

Finally, the professional discourtesy—and, to be sure, that is a *benevolent* characterization—that Plaintiff's counsel had to endure throughout this litigation, including during the trial and within the Court's personal observation, is wholly unacceptable in the practice of law. Litigation can be hard fought and vigorously defended without resorting to such conduct. The

4

Court must acknowledge the inordinate amount of work required in this case caused by the way in which Defendant and its former counsel chose to defend it, up to and including trial. As the prior District Judge assigned to this case noted, "only one fact is undisputed: the parties agree on nothing." (Memo. Order, ECF No. 207). There can be no doubt that the way this case was litigated by Defendant unnecessarily increased costs and attorneys' fees in this case, and the Court cannot ignore that fact. *See Lipsett v. Blanco*, 975 F.2d 934, 939 (1st Cir. 1992) (affirming fee award under § 1988 and noting district court's consideration of "a Stalingrad defense, resisting [plaintiff] at every turn and forcing her to win her hard-earned victory from rock to rock and from tree to tree" was proper in determining lodestar); *but see Hurley*, 933 F. Supp. at 431 (rejecting increased enhancement due to scorched earth defense tactics because "the conduct of the defense was no worse in this respect than that of the plaintiff"). That said, Plaintiff's counsel is already being handsomely compensated for their work by the Court's approval of the overwhelming majority of the fees sought via the lodestar calculation. Thus, while this is a factor, it does not warrant an enhancement of 85%. Rather, this factor and the Court's "feel of the case" simply deserve some consideration in the overall analysis. *Boles v. Wal-Mart Stores, Inc.*, No. 12-01762, 2015 WL 4653233, at *11 (D.N.J. Aug. 5, 2015) (noting reliance on the Court's "feel of the case," among other factors, in granting an enhancement), *aff'd*, 650 F. App'x 125 (3d Cir. 2016).

This conduct is also important to consider because it only serves to deter attorneys from taking these types of cases and thus frustrates public policy. The entire purpose of New Jersey's fee-shifting regime is to "attract[] counsel to socially beneficial litigation." *Walker*, 35 A.3d at 1185–86. Fee-shifting ameliorates the concern that attorneys will refuse to take edge cases for fear of not being compensated. *See id.* at 1182 (citing *Rendine*, 661 A.2d at 1228). But if all defense attorneys need to do to achieve the same result—that is, disincentivize plaintiffs' attorneys from taking or continuing to litigate cases—is to act uncivilly towards fellow counsel and engage in tactics that are beyond the proverbial scorched earth, what good would these fee-shifting statutes do? The Court cannot allow such a tactics. *Cf. Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates."). Thus, this important public policy factor must be considered in determining the appropriate enhancement.

Having determined that the fee enhancement in this case cannot properly fall within the "typical" or "exceptional" ranges, the question becomes, what percentage is appropriate? To find an answer, the Court has reviewed nearly every case that discusses and has awarded an enhancement in this District and in New Jersey state courts. *See Failla v. City of Passaic*, 146 F.3d 149, 160 n.15 (3d Cir. 1998) (affirming award of 35% enhancement); *Hurley*, 933 F. Supp. at 431 (awarding 33% enhancement); *Arku-Nyadia*, 2022 WL 958465, at *9–10 (recommending 25% enhancement); *Montone v. City of Jersey City*, No. 06-03790, 2020 WL 7041570, at *6–8 (D.N.J. Dec. 1, 2020) (rejecting request for 55% enhancement and awarding 40%), *adopted by* No. 06-00280, 2021 WL 8083765 (D.N.J. Jan. 12, 2021); *Andujar v. Gen. Nutrition Corp.*, No. 14-07696, 2018 WL 3999569, at *7–8 (D.N.J. Aug. 20, 2018) (rejecting requested 50% enhancement and awarding 25% because case was not unduly complex and counsel did not spend an inordinate amount of time on the case); *Boles*, 2015 WL 4653233, at *11 (rejecting 35% enhancement and

5

granting 25%); *Punter v. Jasmin Int'l Corp.*, No. 12-07828, 2014 WL 4854446, at *8 (D.N.J. Sept. 30, 2014) (awarding requested 35% enhancement); *EEOC v. United Parcel Serv.*, No. 06-1453, 2009 WL 3241550, at *8–9 (D.N.J. Sept. 30, 2009) (rejecting 50% requested enhancement and awarding 5% finding case to be less than average); *Jefferson*, 2006 WL 1843178, at *20 (rejecting requested 75% "extraordinary" enhancement and awarding 10% and 20% finding that the case was less than typical); *Walker*, 35 A.3d at 1196 (affirming 50% enhancement as "eminently reasonable"); *Rendine*, 661 A.2d at 1232 (rejecting requested 100% enhancement and awarding 33%); *Lockley v. Turner*, 779 A.2d 1092, 1108–09 (N.J. App. Div. 2001) (affirming 60% enhancement), *aff'd as modified sub nom. Lockley v. N.J. Dep't of Corrs.*, 828 A.2d 869 (N.J. 2003); *Williams v. Asbury Park Bd. of Educ.*, No. A-3389-13T3, 2015 WL 6394475, at *3–5 (N.J. App. Div. Oct. 23, 2015) (affirming 40% enhancement).

Considering the *wide* variety of approaches courts have taken in these circumstances, the Court finds this case most analogous to those that provided an enhancement "in the upper range sanctioned by *Rendine*," *Montone*, 2020 WL 7041570, at *7 (D.N.J. Dec. 1, 2020), or "on the higher side of the recommended enhancement," *Williams*, 2015 WL 6394475, at *5 (alterations omitted) (quoting the trial court's opinion)—an enhancement of 40%.

Therefore, in light of all the relevant factors, including the Court's "feel of the case," the substantial work it required, the risk of non-payment, the substantial award achieved for the Plaintiff and the way in which this case was litigated, as well as the other reasons set forth above, the Court finds most appropriate and awards a 40% fee enhancement.

### IV.  Conclusion

For the foregoing reasons, Plaintiff's Motion, (ECF No. 381), is **GRANTED**. Plaintiff is hereby awarded a 40% enhancement of the Court's previously-ordered $939,048.00 attorneys' fees award pursuant to *Rendine v. Pantzer*, 661 A.2d 1202 (N.J. 1995). Accordingly, Defendant is **ORDERED** to pay Plaintiff an additional $375,619.52 in enhanced fees.

Having—at last—disposed of the final outstanding issue in this matter, it is further **ORDERED** that the Clerk of the Court shall close this case.

**SO ORDERED**.

**CHRISTINE P. O'HEARN**
**United States District Judge**